FILED
MAILROOM

MAY 30 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Dist. Ct. No.1:96-MJ-00223 |
| | ) | App. No.:96-4920 |
| Respondent, | ) | Civ. No.:70-231(ERIE) |
| | ) | |
| | ) | **MOTION PURSUANT TO TITLE 28 §3582** |
| vs. | ) | **(c)(2) REQUESTING TWO BASE OFFENSE** |
| | ) | **LEVEL REDUCTION BASED ON TH E SENTENCING** |
| | ) | **COMMISSION'S RETROACTIVE CRACK COCAINE** |
| KURT SHAWN HANIEPH, | ) | **AMENDMENT (706)** |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| | ) | |

**NOW COMES** the Petitioner, KURT SHAWN HANIEPH (hereinafter "Mr. Hanieph"), respectfully moves this Honorable Court, Eastern District of Virginia, for an ORDER granting two level or more from the base offense level guidelines sentence imposed on November 15, 1996. Additionally, Mr. Hanieph makes the argument, hereinafter, that the Honorable Court should further reduced the base offense level in light of the United States Supreme Court's decisions in Kimbrough and Gall because this Court will be imposing a "new" sentence and will have to consider factors that were unavailable at the time Mr. Hanieph's original sentnece was imposed under the mandatory Sentencing Guidelines as in contrast to the now "advisory" guidelines based on U.S.S.G. § 3553's subsections. **WHEREFORE,** Mr. Hanieph respectfully prays that the Honorable Court will grant the Motion in its enterity in accorance with the Sentencing Guidelines Commission's (the "Commission") recent retroactive crack guideline amendment.

## PROCEDURAL HISTORY OF THE CASE

On or about March 29th, 1996, a Criminal Complaint was filed against Mr. Hanieph charging him with Distributin of "Crack" Cocaine, a Schulde II under Title 21 Sections 841(a)(1) and Conspiracy. See 21 §§ 841 and 846. On or about June 4th, 1996, a federal grand jury returned a seven (7) count indictment against Mr. Hanieph and several co-defendants in the above counts. See Docket (Dkt") Entry at p.2. The grand jury preliminarily found that Mr. Hanieph conspired to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1]

On or about August 15th, 1996, the jury returned a guilty verdict on counts one, four, and five of the submitted indictment. However, on or about November 15thm 1996, this Honorable Court held a sentencing hearing to determinate the sentence under the Sentencing Guidelines range. Nevertheless, the Court found, pursuant to the Guidelines and PreSentence Report ("PSR"), the proper sentencing range was 360-month to life. The Court then imposed a term of 360 months imprisonment with three months credit for time served in Fairgax County jail pursuant to the current conviction's charges. See Dkt.Entry at 64. The Court adopted all of the PSR's findings.

The PSR recommended a base offense level of 34 pursuant to the United States Sentencing Guidelines § 2D1.1(a)(3)(c)(3) based on 150 grams of cocaine

---

[1] Because Mr. Hanieph's base offense (38) was greater than the career offender Guideline level, which the PSR found was applicable, the PSR reasoned that the career offender would "not be applicable" due to the higher offense level (38). See PSR at p.16, ¶57.

-2-

base ("Crack") pertaining to the conspiracy distribution counts. For the Role in the Offense Adjustment, four more levels were added to the base offense level resulting in a final and total base offense level of 38.[2] Furthermore, the PSR recommended additional sentencing options pursuant to the statutory provisions that were lesser than the guidelines' and career criminal's minimums, which this Court did not adopt at sentencing. Thus, count of the jury's guilty verdict calls for a minimum of twenty (20) years to life imprisonment, $8,000,000 fine, at least two years supervised release. Count four (4) and five (5) calls for a minimum of ten (10) years to life imprisonment, $4,000,-000, at least 8 years supervised release.[3]

## MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. SECTION 3582(c)(2)

Section 3582(c)(2) states in pristine part that courts may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

---

[2] Because Mr. Hanieph's base offense level (38) was greater than the career offender Guidelines level (37), which was applicable, the PSR deemed that the career offender status would not be applicable due to the higher drugs guidelines's level (34 plus 4 level) pursuant USSG § 2D1.1. See PSR at p.16, ¶57

[3] This Court used the Guidelines Offense Level (34) in USSG § 2D1.1(a)(3) plus four additional level pursuant to USSG § 3B1.1(a); Role in the Adjustment, resulting into a total level (38) with a criminal history category of VI. A sentencing guidelines range of 360 to life. Mr. Hanieph was then sentenced to 360 months imprisonment by this Court.

>   (A) the court, upon motion of the Director of the Bureau of
>   Prisons, may reduce the term of imprisonment, <u>after consid-
>   ering</u> <u>the</u> <u>factors</u> set forth in Section 3582(a) to the extent
>   that they are applicable.

<u>See</u> 18 USC § 3582(c)(1). (Underlines Mines.) However, Subsection two in 18 USC § 3582 states as follows:

>   In the case of a defendant who has been sentenced to a term
>   of imprisonment based on a <u>sentencing</u> <u>range</u> that has subsequ-
>   ently been <u>lowered</u> by the Sentencing Commission pursuant to
>   28 USC 994(ō), upon motion of the <u>defendant</u> or the Director
>   of the Bureau of Prisons, or on its own motion, the court may
>   reduce the term of imprisonment, after considering the <u>factors</u>
>   <u>set</u> <u>forth</u> <u>in</u> <u>Section</u> (a).

<u>See</u> 18 USC 3582(c)(2); <u>see</u> <u>also</u> USSG § 1B1.10(a)(b), and (c).[4] Thus, Mr. Hanieph's guidelines sentence range satisfies the prerequisites set forth in 18 USC § 3582 and USSG § 1B1.10(a)(b), and (c) because his "Guidelines range has been "lowered" by two level and more pursuant to the Commission's retroactive crack Amendment (706).

## LEGAL ARGUMENT

Because Mr. Hanieph's base offense level (34) resulted into a sentencing range (262-327) plus four additional level enhancement levels, which eventually resulted into a sentencing range of 360-to-life, this Court is now authorized to reduce Mr. Hanieph's sentence minus two offense levels pursuant to th e Commission's March 3rd, 2008, retroactive crack Amendment (706). <u>See</u> Amendment 706; <u>see</u> <u>also</u> (Exhibit ("Exh.") p.1, Worksheet A [Offense Level])); <u>United States v. Boe</u>, 117 F.3d 830 (1997, CA5 La)(Remanded where court denied...defendant's motion to reduce 80-month sentence to statutory minimum of 60 months pursuant to 18 USCS § 3582 in light of amendment to § 2D1.1.");

---

[4] Section 4B1.1(b) states: "A career offensder's criminal history category in every case under this subsection shall be category VI. <u>See</u> USSG § 4B1.1´(b); <u>see</u> <u>also</u> (PSR at p.16; ¶57). A career criminal's base offense level however starts at level 34, or is always 34.

-4-

United States v. Aguilar-Ayala, 120 F.3d 176, 97 (1997, CA9 Cal)("District Court erred in determining that it did not have discretion to reduce defendant's sentence....since application of amendment could reduce...87-month sentence to statuory mandatory minimum."); see also Kimbrough v. United States, 169 L.Ed.2d 481 (2007); Gall v. United States, 169 L.Ed.2d 445 (2007).[5]

In Kimbrough, the Supreme Court reasoned that 18 U.S.C.S. § 3553(a)(b) directs district courts to "consider the need to avoid unwarranted disparities-- along with other § 3553 factors-- when imposing sentences. Id. The Court further reasoned that district courts must take account of sentencing practices in other courts and the "cliffs" resulting from the statutory mandatory minimum sentences. See Kimbrough v. United States, 167 L.Ed.2d 481 (2007)(Ginsburg, J., Roberts, Ch.J., and Stevens, Scalia, Kennedy, Souter, and Breyer, JJ. Concurring).

However, in delivering the opinion of the Court, Justice Ginsburg reasoned that cocaine Guidelines, like all other Guidelines, are "advisory" only, and that the Fourth Circuit erred in holding that crack/powder disparity mandatory. Id. A district court must now include the guidelines range in factors warranting consideration. The judge may determine, however,...in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. See 18 U.S.C. § 3553(a) (2000 ed. and Supp. V). In making that determination, the Court held that judges may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses. Kimbrough, Id.

---

[5] Section 2D1.1, level 34, calls for "At least 150 but less than 500G of Cocaine Base." See (Exh. A at p.1, Worksheet A (Offense Level)). The amount of cocaine base ("Crack") attributed to Mr. Hanieph was 289.926 grams; an offense level 34 plus four enhancement level pursuant to § 3B1.1(a).

-5-

Since this district Court will be imposing a "new" sentence pursuant to Amendment 706, then the Court will have to take into consideration--at the "clifff" resulting from the statutory mandatory minimum and/or career offender's guidelines range--the disparity between the Guidelines' treatment of 289.926 grams of crack cocaine that originally adopted by the Court from the PSR's Report. See (Exh. A at p.1); see also (PSR at p.19, ¶72).[6] Thus, the will have, in effect, used and/or applied the Career Offender's Guidelines or one of the statutory minimums suggested in the PSR prior to sentencing when reducing Mr. Hanieph's sentence in accordance with the Commission's retroactive crack amendment (706). See (PSR at p.16, ¶57); see also USSGA § 4B1.1(b); 18 USC § 841's penalties, which involve a minimum of twenty (20) and ten (10) years sentences.[7] See United States v. Boe, 117 F.3d 830 (1997, CA5 La)("Remanded where court denied...defendant's motion to reduce 80-month sentence to statutory minimum of 60 months pursuant to 18 USC § 3582 in light of amendment to § 2D1.1."); United States v. Aguilar-Ayala, 120 F.3d 176, 97 (1997, CA9 Cal)("District court erred in determining that it did not have discretion to reduce defendant's sentence...since application of amendment could reduce...87-month sentence to statutory mandatory minimum.").

In Boe, the district court increased his criminal history after considering and reasoning that 18 U.S.C. § 3553(b) permits it to depart from the applicable Guidelines range...existing "an aggravating or mitigating circumstance of kind, or to degree, not adequately taken into consideration"; his prior criminal

---

[6] Paragraph seventy-two of the PSR issued sentencing options that the Court "may" have consider under the statutory provisions for Count One and Counts four and five of the indictment.

[7] The PSR: "**Statutory Provisions**: Count 1: Twenty years to life imprisonment $8,000,000 fine, at least 10 years supervised release, $50 special asssessment; Count 4 and 5: Ten years to life imprisonment, $4,000,000 fine, at least 8 years supervised relase, $5 special assessment, per count. See (PSR at p.19, ¶72).

-6-

category level was unexplainably, by the district court, changed from II to VI. Boe, id. at 833. The Fourth Circuit Court held that if the district court was "unable or unwilling on remand to justify use of criminal history category of VI," it must release Boe because he had served the minimum mandatory for which he was entitled due to the retroactive Sentencing Commission's amendment. See 1995 amendment to U.S.S.G. § 2D1.1 ("Amendment 516"); see also 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).[8]

Based on the Fifth Circuit Court's opinion in Boe and the United States Supreme Court's decisions in Kimbrough and Gall, this Honorable Court now has the authority, nunc pro tunc, to further reduce Mr. Hanieph's guidelines sentence at the highest minimum mandatory pursuant to the statutory conviction—twenty years to life—or the career criminal offense level—thirty-four with a Criminal History Category Level VI.

## CONCLUSION

In sum, Mr. Hanieph respectfully prays that this Honorable Court will grant the submitted Motion in its enterity in accordance with the legal authority cited therein.

Respectfully Submitted,

*[signature]*

cc.
Filed: May 21, 2008

U.S. District Attorney's Office
Eastern District of Virginia

WILLIAM N. HAMMERSTROM, Jr.
2100 Jamieson Ave
Alexandria, Virginia 22314

KURT SHAWN HANIEPH, Pro Se
Reg. No. 42060-083
FCI McKean
Post Office Box 8000
Bradford, Pennsylvania 16701

---

[8] Boe was charged and pleaded guilty to manufacturing marijuana within 1,000 feet of a school, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 860. He was sentenced pursuant to 21 U.S.C. ¶ 841(b)(1)(B)(vii) and U.S.S.G. 2D1.1. Mr. Hanieph was under § 841(a)(1) and sentenced pursuant to U.S.S.G. § 2D1.1.

## CERTIFICATE OF SERVICE

I, KURT SHAWN HANIEPH, hereby declare under penalty of perjury and say that he has deposited a true and accurate copy of the Motion 3582(c)(2), in the institutional mail box at FCI McKean, to the United States District Attorney's Office for the Eastern District of Virginia. This Motion was posted via U.S. Postal Service on May 21th, 2008, to the following address:

**WILLIAM N. HAMMERSTROM, Jr.**
U.S. District Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

Respectfully Submitted,

*Kurt Hanieph*
Kurt Shawn Hanieph

cc.

Filed: May 21 th, 2008

K/S/H
*****

# Worksheet A (Offense Level)

Defendant __HANEIPH, Kurt Shawn__   District/Office __E.VA/Alexandria__

Docket Number (Year-Sequence-Defendant No.) __96-00227-A(001)__

Count Number(s) __1, 4, 5__   U.S. Code Title & Section __21:841(a)(1)__

__21:846__

Guidelines Manual Edition Used: 19__95__

Instructions:

For each count of conviction (or stipulated offense), complete a separate Worksheet A. Exception: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (see §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (see §3D1.2(a) and (b)).

1. **Offense Level (See Chapter Two)**
Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2D1.1(a)(3)(C)(3) | Conspiracy to Distribute Cocaine Base (150 Grams to 500 Grams) | 34 (base) |

Notes: __Total amount of cocaine base: 289.926 grams.__

Sum  __34__

2. **Victim-Related Adjustments (See Chapter Three, Part A)**   § __n/a__
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0."   __0__

3. **Role in the Offense Adjustment (See Chapter Three, Part B)**   § __3B1.1(a)__
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (-) sign in front of the adjustment. If no adjustment is applicable, enter "0."   __4__

4. **Obstruction Adjustment (See Chapter Three, Part C)**   § __n/a__
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0."   __0__

5. **Adjusted Offense Level**
Enter the sum of items 1-4. If this worksheet does not cover all counts of conviction or stipulated offenses, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.   __38__

☐ Check if the defendant is convicted of a single count. In such case, Worksheet B need not be completed.

☐ If the defendant has no criminal history, enter criminal history "I" here and on Item 4, Worksheet In such case, Worksheet C need not be completed.

Rev. 10

# Worksheet C    Page 2

Defendant __HANEIPH, Kurt Shawn__    Docket Number __96-00227-A(001)__

4. __2 Points__ if the defendant committed the instant offense while under any criminal justice sentence (e.g., probation, parole, supervised release, imprisonment, work release, escape status). (See §§4A1.1(d) and 4A1.2.) List the type of control and identify the sentence from which control resulted. Otherwise, enter __0 Points__.    **2**

    On probation in Maryland (#94CR3051) until 11/21/97.

5. __2 Points__ if the defendant committed the instant offense less than 2 YEARS after release from imprisonment on a sentence counted under §4A1.1(a) or (b) or while in imprisonment or escape status on such a sentence. However, enter only __1 Point__ for this item if 2 points were added at Item 4 under §4A1.1(d). (See §§4A1.1(e) and 4A1.2.) List the date of release and identify the sentence from which release resulted. Otherwise, enter __0 Points__.    **1**

    Released from incarceration in New York (#6N109003) on 03/08/93.

6. __1 Point__ for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction of a crime of violence. __Provided__, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion. (See §§4A1.1(f) and 4A1.2.) Identify the crimes of violence and briefly explain why the cases are considered related. Otherwise, enter __0 Points__.    **0**

    NOTE: A maximum of __3 Points__ may be imposed for Item 6.

7. Total Criminal History Points (Sum of Items 1-6)    **12**

8. Criminal History Category (Enter here and on Worksheet D, Item 4)    **V**

| Total Points | Criminal History Category |
|---|---|
| 0 - 1 | I |
| 2 - 3 | II |
| 4 - 6 | III |
| 7 - 9 | IV |
| 10 - 12 | V |
| 13 or more | VI |

# Worksheet D

Page 3

Defendant **HANEIPH, Kurt Shawn**

Docket Number **96-00227-A(001)**

13. **Conditions of Supervised Release (See §5D1.3)**
A defendant serving any term of supervised release shall not commit a federal, state, or local crime. In addition to standard conditions (1-13), list any applicable special conditions:

As directed by the Court.

14. **Restitution (See §5E1.1)**
If an order of restitution is applicable, enter the amount. Otherwise, enter "N/A."

N/A.

15. **Fines**

| | Minimum | Maximum |
|---|---|---|
| a. Fines for Individual Defendants (See §5E1.2) | | $16,000,000.00 |
| (1) If any of the counts of convictions has a statutory maximum penalty that exceeds $250,000 list the aggregate statutory maximum penalties for those counts | | |
| (2) Fine Table: | $25,000.00 | $250,000.00 |
| (3) Guideline Range for Fines: (determined by the minimum and greater maximum above) | $25,000.00 | $16,000,000.00 |

b. Cost of imprisonment $1,779.33/mo.   Cost of probation, supervised release   $195.30/mo.

Cost of community confinement   $1,183.08/mo.

(See §5E1.2(i))

16. **Special Assessments (See §5E1.3)**
Enter the total amount of special assessments required for all counts of conviction:

- $25 for each misdemeanor count of conviction
- $50 for each felony count of conviction

$ 150.00

17. **Additional Factors**
List any additional applicable guidelines, policy statements, and statutory provisions. Also list any applicable aggravating and mitigating factors that may warrant a sentence at a particular point either within or outside the applicable guideline range. Attach additional sheets as required.

Completed by _Mary Beth Simpson_   Date September 26, 1996

Rev. 10/94

# Worksheet D (Guideline Worksheet)

dant **HANEIPH, Kurt Shawn**  Docket Number __96-00227-A(001)__

1. **Adjusted Offense Level (From Worksheet A or B)**
   If worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

   `38`

2. **Acceptance of Responsibility (See Chapter Three, Part E)**
   Enter the applicable reduction.

   `− 0`

3. **Offense Level Total (Item 1 less Item 2)**

   `38`

4. **Criminal History Category (From Worksheet C)**
   Enter the result from Worksheet C, Item 8.

   `V`

5. **Career Offender/Criminal Livelihood/Armed Career Criminal (See Chapter Four, Part B)**

   a. Offense Level Total

   If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), or Armed Career Criminal (§4B1.3), or Armed Career Criminal (§4B1.4) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A."

   `38`

   b. Criminal History Category

   If the provision for Career Offender (§4B1.1) or Armed Career Criminal (§4B1.4) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A."

   `VI`

6. **Guideline Range from Sentencing Table**
   Enter the applicable guideline range from Chapter Five, Part A.

   `360-life` Months

7. **Restricted Guideline Range (See Chapter Five, Part G)**
   If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A."

   `n/a` Months

   ☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) applies.

8. **Undischarged Term of Imprisonment (See §5G1.3)**

   ☐ If the defendant is subject to an undischarged term of imprisonment, check this box and lists the undischarged terms(s) below.

   _____
   _____
   _____

Rev. 1'