IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



JUL 14 2008

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA,     )
                              )
V.                            )     Criminal No. 1:96cr227
                              )
KURT SHAWN HANEIPH,           )
                              )
              Defendant.      )
_____)

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

This matter comes before the Court on the Defendant's motion for reduction in sentence pursuant to 18 U.S.C. Section 3582(c)(2) based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u).

In this case, the Defendant's sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. The Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1. and the Fourth Circuit has held that defendant's sentenced as career offenders are ineligible for relief under the retroactive crack amendments. See, e.g. United States v. Bronson, 2008 WL 539796, *2 (4th Cir. Feb. 27, 2008)(unpublished) ("although the base offense level corresponding to the determined drug quantity would be lowered as a result of Amendment 706, the

amendment is ultimately of no consequence because calculation of Bronson's base offense level was driven by the career offender designation.").

It appearing to the Court that Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1 and his guideline range is unaffected by Amendments 706 and 715, making him ineligible for relief under 18 U.S.C. § 3582(c)(2), it is hereby

ORDERED that the Defendant's motion is DENIED.


                                        /s/
                                  Claude M. Hilton
                              United States District Judge


Alexandria, Virginia
July *14* , 2008