**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

KURT SHAWN HANEIPH,
        *Movant,*

                                      Civil No. _____
v.                                   Crim. No. 1:96cr227

UNITED STATES OF AMERICA,
        *Respondent.*

### SECOND OR SUCCESSIVE MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### INTRODUCTION

Petitioner, Kurt Shawn Haneiph, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.[1]

On August 5, 1996, Mr. Haneiph was found guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. § 841 (Counts Four and Five) and 846 (Count One).  On November 15, 1996, the district court sentenced Mr. Haneiph to a term of 360 months of imprisonment on Count One and 240 concurrent months of imprisonment for Counts Four and Five.  At the time of sentencing, Mr. Haneiph was a career offender under U.S.S.G. §§ 4B1.1

---

[1] On June 21, 2016, Mr. Haneiph applied to the Court of Appeals for the Fourth Circuit for permission to file a second motion under 28 U.S.C. § 2255, and the application remains pending as of today.  This motion has been filed as a protective petition given the one year limitation on filing *Johnson* claims.  *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting that prisoners can comply with exhaustion requirement and federal limitations period "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted").  In other contexts, courts have recognized that "dismissal is not proper when that step could jeopardize the timeliness of a collateral attack." *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000) (citing cases reversing dismissal of 2254 motions that were filed to satisfy a limitations period but could not proceed pending the resolution of collateral litigation).  Accordingly, Mr. Haneiph respectfully requests that the Court stay this matter pending the resolution of his motion in the Fourth Circuit.  The Fourth Circuit has also appointed the undersigned to represent Mr. Haneiph in this matter.

1

and 4B1.2.  The presentence report ("PSR") found Mr. Haneiph to be a career offender because his instant offense was a "controlled substance offense" and he had at least two qualifying prior convictions that supported the career offender enhancement.  The PSR explained that Mr. Haneiph was a career offender based on a controlled substance offense and a 1982 conviction for attempted second degree murder.  *See* PSR ¶ 57.

Although he was a career offender, Mr. Haneiph's adjusted offense level under U.S.S.G. § 2D1.1 was used to determine his guideline range because it was the same as his career offender offense level.  His career offender status did increase his criminal history category from V to VI.  Notably, Mr. Haneiph was sentenced as a career offender prior to *United States v. Booker*, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory.  With the application of retroactive sentencing guidelines, amendment 782, Mr. Haneiph's guideline range would be 168 to 210 months (corresponding offense level 31, criminal history category V).  Mr. Haneiph, however, is serving a mandatory minimum sentence of 240 months of imprisonment.

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Haneiph is no longer a career offender because his prior New York conviction no longer qualifies as a "crime of violence."

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  135 S. Ct. 2551, 2557 (2015).  It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness.  Thus, the only remaining question here is whether Mr. Haneiph's prior New York conviction qualifies as a "crime of violence" under the "enumerated offenses" clause or "force" clause of the career offender provision (U.S.S.G. § 4B1.2(a)).  It does not qualify as a "crime of violence" under the

2

enumerated offenses clause because it is not a generic burglary of a dwelling, arson, extortion, or use of explosives offense.  Likewise, it does not qualify as a "crime of violence" under the force clause because 1) they do not have as an element the use, attempted use, or threat of violent physical force against the person of another, and 2) they do not require the *intentional* use, attempted use, or threatened use of violent physical force against the person of another.

Mr. Haneiph is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Mr. Haneiph's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Haneiph respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

As grounds for this motion, Mr. Haneiph states as follows:

## STATEMENT OF FACTS

### A.    Guilty Plea and Sentencing

On August 5, 1996, Mr. Haneiph was found guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. § 841 (Counts Four and Five) and 846 (Count One).  On November 15, 1996, the district court sentenced Mr. Haneiph to a term of 360 months of imprisonment on Count One and 240 concurrent months of imprisonment for Counts Four and Five.  At the time of sentencing, Mr. Haneiph was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  The presentence report ("PSR") found Mr. Haneiph to be a career offender because his instant offense was a "controlled substance offense" and he had at least two qualifying prior

3

convictions that supported the career offender enhancement.   The PSR explained that Mr. Haneiph was a career offender based on a controlled substance offense and a 1982 conviction for attempted second degree murder.

The district court's application of the career offender enhancement subjected Mr. Haneiph to a Sentencing Guidelines range of 360 months to life of imprisonment (corresponding to offense level 37, criminal history category VI).   As noted previously, the career offender guidelines increased Mr. Haneiph's criminal history category but had no effect on his offense level.   This Court sentenced Mr. Haneiph to a total term of 360 months of imprisonment. Without a career offender finding, Mr. Haneiph's current Guidelines range is 324-405 months of imprisonment (offense level 33, criminal history category V).   Notably, the district court sentenced Mr. Haneiph as a career offender prior to *United States v. Booker*, 543 U.S. 220 (2005), when the Sentencing Guidelines were mandatory.   With the application of retroactive sentencing guidelines, amendment 782, Mr. Haneiph's guideline range would be 168 to 210 months (corresponding offense level 31, criminal history category V).   Mr. Haneiph, however, is serving a mandatory minimum sentence of 240 months of imprisonment.

### B.     Direct Appeal

On November 15, 1996, Mr. Haneiph noted his appeal to the Fourth Circuit Court of Appeals.   In that appeal, he contended that the district court failed to suppress statements made to a police officer in violation of *Miranda*.   On November 18, 1997, the Fourth Circuit rejected that contention and affirmed his conviction and sentence.   *See United States v. Haneiph*, 129 F.3d 1261 (4th Cir. Nov. 18, 1997) (table).

### C.      Previous § 2255 Petitions

On December 18, 1998, Mr. Haneiph filed his first and only 28 U.S.C. § 2255 motion. *See United States v. Haneiph*, No. 1:96cr227, Doc. 101 (E.D. Va. Dec. 18, 1998).  On August 31, 1999, the district court denied Mr. Haneiph's request for relief under 28 U.S.C. § 2255.  *See id.* at Docs. 108-09.

### D.      *Johnson v. United States*

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause. Under *Johnson*, the identical residual clause in the career offender guideline is also void for vagueness.  Thus, Mr. Haneiph's prior New York conviction no longer qualifies as "crimes of violence," and Mr. Haneiph is not a career offender.

## ARGUMENT

## I.      IN LIGHT OF *JOHNSON*, MR. HANEIPH DOES NOT QUALIFY AS A CAREER OFFENDER.

A defendant is subject to the career offender guideline if his instant federal offense of conviction is either a "crime of violence" or a "controlled substance offense," and he has at least two such prior convictions.  U.S.S.G. § 4B1.1.  An offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:

(1)      has as an element the use, attempted use, or threatened use of physical force against the   person of another [known as the force clause], or

(2)      is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause].

U.S.S.G. § 4B1.2(a) (emphasis added).

5

The Supreme Court held in *Johnson* that ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which is identical to the residual clause referenced above, was unconstitutionally void for vagueness in all applications. It follows from *Johnson* that the identical residual clause in the Guidelines is also void for vagueness. Therefore, an offense can now only qualify as a "crime of violence" if it is either one of the enumerated offenses (burglary of a dwelling, arson, extortion, or use of explosives) or satisfies the force clause. Mr. Haneiph's conviction does not qualify as one of the enumerated offenses, nor does it satisfy the force clause. Therefore, Mr. Haneiph is no longer a career offender.

**A.   *Johnson* renders the career offender residual clause void for vagueness**.

Mr. Haneiph's New York attempted murder offense cannot qualify under § 4B1.1(a)(2)'s residual clause, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," because that clause is void for vagueness. In *Johnson*, the Supreme Court declared the identical residual clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii) to be "unconstitutionally vague" because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies to § 4B1.2(a)(2)'s residual clause. The career offender guideline's residual clause was adopted from and repeats the ACCA's residual clause verbatim.[1] Because § 4B1.2(a)(2)'s residual clause is identical to the ACCA's residual clause, the Fourth Circuit, and

---

[1]   *See* U.S.S.G., App. C, Amend. 268 (1989).

every other circuit,[2] interpret the clauses identically.  *See United States v. Vann*, 660 F.3d 771, 773 n.2 (4th Cir. 2011) (en banc) ("We routinely rely on decisions interpreting either of those enhancement provisions in ascertaining whether a prior conviction is a crime of violence under the Guidelines or a violent felony under the ACCA"); *United States v. Carthorne*, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act . . . as the two terms are

---

[2] *See United States v. Willings*, 588 F.3d 56, 58 n.2 (1st Cir. 2009) ("[T]he terms 'crime of violence' under the career offender guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisions construing one term inform the construction of the other."); *United States v. Mead*, 773 F.3d 429, 432 (2d Cir. 2014) ("In interpreting the reach of § 4B1.2(a)(2)'s residual clause, we employ a categorical approach, with an eye to case law interpreting an identical clause in the ACCA that defines 'violent felony.'"); *Royce v. Hahn*, 151 F.3d 116, 120 (3d Cir. 1998) (observing that "crime of violence" and "violent felony" "should be read consistently with each other"); *United States v. Moore*, 635 F.3d 774 (5th Cir. 2011) ("Because of the similarities between . . . 4B1.2(a) . . . and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably."); *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013) ("[W]e analyze a crime of violence under the career-offender guideline just as we do a 'violent felony' under the Armed Career Criminal Act (ACCA)"); *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010) ("We interpret coterminously the ACCA and the career offender § 4B1.1 provision."); *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) ("[W]e construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding . . . residual clauses."); *United States v. Coronado*, 603 F.3d 706, 709 (9th Cir. 2010) ("[B]ecause the language of both the ACCA and the [career offender] Guideline abound the same 'serious risk of injury' test . . . the definitions should be interpreted similarly."); *United States v. Wray*, 776 F.3d 1182, 1184-85 (10th Cir. 2015) (because "[t]he 'crime of violence' definition set forth in the career-offender guideline, § 4B1.2, is virtually identical to the definition of 'violent felony' contained in the Armed Career Criminal Act (ACCA), . . . [o]ur approach [] is guided by a line of Supreme Court cases interpreting the scope of § 924(e)(2)(B)") (citations omitted); *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) ("[T]he residual clauses are identical[.] Accordingly, we look to the Supreme Court's opinions applying the ACCA . . . for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines."); *In re Sealed Case*, 548 F.3d 1085, 1089 (D.C. Cir. 2008) ("As this language mirrors the definition of a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), we apply the ACCA standard to determine whether an offense qualifies as a crime of violence under section 4B1.2.").

defined in a substantively identical manner") (internal quotation marks and citation omitted).  In this very context, the courts of appeals have treated the Supreme Court's rejection of suggestions that the ACCA's residual clause was unconstitutionally vague in *James* and *Sykes* as binding authority foreclosing any vagueness challenge to the Guidelines' residual clause.[3]

Indeed, the Court in *Johnson* relied on four lower court decisions interpreting § 4B1.2(a)(2)'s residual clause (and only two ACCA decisions) to demonstrate that it "has proved nearly impossible" to "make sense of the residual clause."  *See* 135 S. Ct. at 2559-60 (analyzing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); and *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).  Also, the Court has vacated and remanded seventeen lower court decisions in which defendants had been sentenced under § 4B1.2(a)'s residual clause, including five cases on collateral review, in light of *Johnson*.[4]

---

[3]  *See, e.g.*, *United States v. Ramirez*, 708 F.3d 295, 307 n.13 (1st Cir. 2013) (rejecting vagueness challenge to the guidelines' residual clause in light of *James*); *United States v. Van Mead*, 773 F.3d 429, 438 n.7 (2d Cir. 2014) (observing that Supreme Court "implicitly repudiated" any argument that the guidelines' residual clause was void for vagueness); *United States v. Mobley*, 687 F.3d 625, 632 n.7 (4th Cir. 2012) (observing that vagueness challenge to Guidelines' residual clause must be rejected because "the Supreme Court has already determined that the residual clause . . . constitutes an intelligible principle [that] provides guidance that allows a person to conform his or her conduct to the law.") (internal quotations omitted); *United States v. Cowan*, 696 F.3d 706, 708 (8th Cir. 2012) ("based on Supreme Court precedent in *James* and *Sykes*, we conclude that Cowan's argument that § 4B1.2 is unconstitutionally vague necessarily fails"); *United States v. Spencer*, 724 F.3d 1133, 1137-78 (9th Cir. 2013) (finding that claim that § 4B1.2(a)'s residual clause is unconstitutionally vague "foreclosed by Supreme Court precedent [in *James* and *Sykes*]"); *United States v. Orona*, 724 F.3d 1297, 1311 (10th Cir. 2013) (holding the residual clause not impermissibly vague based on the "[Supreme] Court's consistent rejection of [the] vagueness argument [in *James* and *Sykes*] and the unanimous conclusion of our sibling circuits"); *United States v. Travis*, 747 F.3d 1312, 1314 n.1 (11th Cir. 2014) (finding vagueness challenge to guidelines' residual clause foreclosed by binding precedent in *James*).

[4]  These remands in light of *Johnson* include fifteen career offender cases*, see Caldwell v. United States,* 136 S. Ct. 417 (2015); *Banks v. United States*, 136 S. Ct. 365 (2015); *McCarthren v. United States*, 136 S. Ct. 332 (2015); *Gonzales v. United States*, 136 S. Ct. 84 (2015);

The Second, Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the Guidelines.[5]  As the Tenth Circuit explained, "Given our reliance on the ACCA for guidance in interpreting § 4B1.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."  *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015).  The First, Fifth, and Ninth Circuits have applied *Johnson* to the Guidelines' residual clause based on the government's concession that it is unconstitutionally vague, and remanded for resentencing absent the unconstitutional residual clause.[6]  Consistent with these decisions, the Fourth Circuit has assumed that *Johnson* invalidates the Guidelines residual clause.[7]  The Seventh and Eighth Circuits, the only two that previously held that the Guidelines were not subject to vagueness

---

*Maldonado v. United States*, 135 S. Ct. 2929 (2015); *Smith v. United States*, 135 S. Ct. 2930 (2015); *Vinales v. United States*, 135 S. Ct. 2928 (2015); *Richardson v. United States*, No. 15-6053, 2016 WL 763200 (S. Ct. Feb. 29, 2016); *Moon v. United States*, No. 15-7189, 2016 WL 1173109 (S. Ct. Mar. 28, 2016); *Jeffries v. United States*, No 15-7300, 2016 WL 1173110 (S. Ct. Mar. 28, 2016); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (§ 2255 motion); *Denson v. United States*, 135 S. Ct. 2931 (2015) (§ 2255 motion); *Jones v. United States*, 135 S. Ct. 2944 (2015) (§ 2255 motion); *Jones v. United States*, 136 S. Ct. 333 (2015) (§ 2255 motion);  *Wynn v. United States*, 135 S. Ct. 2945 (2015) (§ 2255 motion); one § 2K2.1 case, *see Talmore v. United States*, 135 S. Ct. 2937 (2015); and one § 7B1.1 case, *see Cooper v. United States*, 135 S. Ct. 2938 (2015).

[5]  *See United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Collins*, 799 F.3d 554, 596 (6th Cir. 2015); *United States v. Harbin*, 610 F. App'x 562, 563 (6th Cir. July 6, 2015); *United States v. Darden*, 605 F. App'x 545, 546 (6th Cir. July 6, 2015); *United States v. Townsend*, __ F. App'x __, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *United States v. Welch*, No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016).

[6]  *See United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v.* Benavides, 617 F. App'x 790, 790 (9th Cir. 2015); Order, *United States v. Talmore*, No. 13-10650 (9th Cir. Aug. 24, 2015).

[7]  *See United States v. Tucker*, __ F. App'x __, 2016 WL 212502, at *1 (4th Cir. Jan. 19, 2016) (affirming because even without the prior offense upon which the sentencing court relied, the defendant had been convicted of a drug offense that qualified as a crime of violence).

9

challenge, are poised to reject those holdings, and have assumed in the meantime that those decisions are no longer good law after *Johnson*.[8]  Only the Eleventh Circuit has held otherwise, and directed district courts to "still adhere" to the vagueness decisions overruled by the Supreme Court in *Johnson* for Guidelines purposes, *see United States v. Matchett*, 802 F.3d. 1185, 1195-96 (11th Cir. 2015), notwithstanding that those decisions "have proved to be anything but evenhanded, predictable, or consistent," *Johnson*, 135 S. Ct. at 2563, and "do[] not comport with the Constitution's guarantee of due process," *id*. at 2560.

The Department of Justice has argued across the country that *Johnson* applies to the career offender residual clause.  In a brief filed by the Criminal Division of the Appellate Section of the Department of Justice, the government conceded that *Johnson*'s constitutional holding regarding the ACCA's residual clause applies to the residual clause of the career offender guideline, § 4B1.2(a)(2), and to the other guidelines that incorporate that residual clause as well.[9]  United States Attorneys' Offices across the country have followed suit.[10]

---

[8]   The Eighth Circuit explained that its "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague . . . is doubtful after *Johnson*," but left for the district court to decide in the first instance on remand whether the guidelines' residual clause is unconstitutional. *United States v. Taylor*, 803 F.3d 931, 932 (8th Cir. 2015) (citing *Wivell v. United States*, 893 F.2d 156, 159 (8th Cir. 1990)).  The Seventh Circuit has assumed "that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2." *Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015).  The Seventh Circuit heard oral argument on December 2, 2015, in three cases in which the parties agree that *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012), which held that the guidelines cannot be unconstitutionally vague, is no longer good law in light of *Johnson*.  *United States v. Gillespie*, No. 15-1686; *United States v. Hurlburt*, No. 14-3611; *United States v. Rollins*, No. 13-1731.  The government argued in these cases that "the identical language [in § 4B1.2] is unconstitutionally vague under *Johnson*," that *Johnson* "rejected" *Tichenor's* view that sentencing provisions are not subject to vagueness challenges, and that *Peugh v. United States*, 133 S. Ct. 2072 (2013), "repudiated" the view that the advisory guidelines do not have legal force.  *See* Brief of Plaintiff-Appellee at 9, 13-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015).

[9]   *See* Supp. Br. for United States at 6-10, *United States v. Pagan-Soto*, No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015).  In addition to the career offender Guideline, the Department

Thus, Mr. Haneiph's New York attempted murder conviction no longer qualifies as a "crime of violence" under the now-void residual clause.

**B. Mr. Haneiph's New York attempted murder conviction does not qualify as "crimes of violence" under either the force clause or enumerated offenses clause.**

**1. The categorical approach applies in determining whether a conviction qualifies as a "crime of violence" under the force clause or as a generic enumerated offense.**

In determining whether an offense qualifies as a "crime of violence" under the force clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341-41 (4th Cir. 2013). This approach requires that courts "look only to the statutory definitions—*i.e.*, the elements—of a

---

of Justice concedes that *Johnson* applies to U.S.S.G. §§ 2K1.3 & cmt. n.2 (explosive materials); 2K2.1 & cmt. n.1 (firearms); 2S1.1 & cmt. n.1 (money laundering); 4A1.1(e), 4A1.2(p) (criminal history); 5K2.17 & cmt. n.1 (departure for semi-automatic firearms); and 7B1.1(a)(1) & cmt. n.2 (probation and supervised release). *Id*. at 6.

[10] *See* Resp. Brief of the United States at 38, *In re Hubbard*, No. 15-276 (4th Cir. Dec. 21, 2015) ("*Johnson*'s holding that the ACCA residual clause is invalid applies to the identically worded residual clause in the [] career offender guideline"); Brief of the United States, at 38, *Lee v. United States*, No. 15-6099 (4th Cir. Dec. 23, 2015) ("*Johnson* applies to the career offender guideline's residual clause"); Letter Br. for United States, *United States v. Zhang*, No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore*, No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee*, No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28(j) Auth., *United States v. Smith*, No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid*, No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer*, No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin*, No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United States v. Matchett*, No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend*, No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie*, No. 15-1686 (7th Cir. Sept. 14, 2015); United States' Unopposed Motion to Remand for Resentencing in Light of *Johnson*, at 8-12, *United States v. Estrada,* No. 15-40264 (5th Cir. Oct. 8, 2015).

defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citation omitted); *Royal*, 731 F.3d at 341-42. In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute—"including the most innocent conduct"—matches or is narrower than the "crime of violence" definition. *See United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the force clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. U.S.S.G. § 4B1.2(a)(1). And "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

As further detailed below, Mr. Haneiph's New York attempted murder conviction fails to qualify as a career offender predicate.

> **2. The commentary listing murder as a crime of violence must be disregarded because they do not interpret or explain any text of the career offender guideline that exists after *Johnson*, and are inconsistent with the remaining text of the guideline.**

The Sentencing Reform Act requires the Sentencing Commission to "submit to Congress amendments to the guidelines" at least six months before their effective date, and provides that Congress may modify or disapprove such amendments before their effective date. 28 U.S.C. §994(p). In upholding the Commission against a separation-of-powers challenge, the Supreme Court emphasized that this requirement makes the Commission "fully accountable to Congress." *Mistretta v. United States*, 488 U.S. 361, 393-94 (1989).

12

But the Sentencing Reform Act says nothing about submitting commentary to Congress, *see* 28 U.S.C. § 994(p), and indeed did not expressly authorize the issuance of commentary at all. *See Stinson v. United States*, 508 U.S. 36, 40-41 (1993). The Supreme Court nonetheless held that commentary is valid and authoritative, but only if it interprets a guideline, and is not inconsistent with a plainly erroneous reading of that guideline and does not violate the Constitution or a federal statute. Because the guidelines are promulgated pursuant to an express delegation of rulemaking authority by Congress, they are "the equivalent of legislative rules adopted by [other] federal agencies." *Id.* at 44-45. Because the "functional purpose of [guidelines] commentary (of the kind at issue here) is to assist in the interpretation and application of those rules," it "is akin to an agency's interpretation of its own legislative rules." *Id.* at 45. Thus, as with other agencies' interpretations of their own regulations, *id.*, "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline," *id.* at 38. Where "commentary and the guideline it interprets are inconsistent in that following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline." *Id.* at 43.

In other words, because Congress did not expressly authorize the issuance of commentary and there is no requirement that Congress review it, commentary is valid and authoritative only if it in fact interprets or explains the text of a guideline, and is not inconsistent with that guideline. Otherwise, the Commission could issue commentary having nothing to do with a guideline or changing the meaning of a guideline, with the same force as a guideline but with no accountability to Congress. Thus, when commentary does not interpret the text of a guideline, or

is inconsistent with or a plainly erroneous reading of the text of the guideline, the commentary is invalid and must be disregarded in favor of the guideline's text.

As the Fourth Circuit has explained, guidelines commentary "does not have freestanding definitional power," but is valid and authoritative only if it interprets a guideline's text and is not inconsistent with that text. *United States v. Leshen*, 453 F. App'x 408, 413-15 (4th Cir. 2011) (observing that prior state sex offenses did not qualify as crimes of violence under any part of the text, and rejecting government's argument that they nonetheless qualified under the commentary); *accord United States v. Shell*, 789 F.3d 335, 340-41 (4th Cir. 2015) ("[The government skips past the text of § 4B1.2 to focus on its commentary," but "it is the text, of course, that takes precedence."). The First Circuit has held that "in light of the government's concession that *Johnson* invalidates the residual clause in Guidelines § 4B1.2(a)(2)," the commentary "has become inconsistent with the remaining text of the Guideline itself," and thus "provides no basis" to conclude that felon in possession of a firearm described in 26 U.S.C. 5845(a) is a "crime of violence" under § 4B1.2(a)(2). *United States v. Soto-Rivera*, 811 F.3d 53, 62 (1st Cir. 2016); *see also United States v. Armijo*, 651 F.3d 1226, 1236-37 (10th Cir. 2011) (rejecting government's argument that because offense was listed in commentary, there was no need for it to qualify under the definitions set out in the text; "[t]o read application note 1 as encompassing non-intentional crimes would render it utterly inconsistent with the language of §4B1.2(a)").[11]

---

[11] *See also, e.g., United States v. Potes-Castillo*, 638 F.3d 106, 111 (2d Cir. 2011) (rejecting government's reading of commentary that was "inconsistent with theb Guidelines section it interprets"); *United States v. Cruz*, 106 F.3d 1134, 1139 (3d Cir. 1997) (relying on *Stinson* to disregard commentary that required greater scienter than text of guideline); *United States v. Dison*, 330 F. App'x 56, 61-62 (5th Cir. 2009) ("[I]n case of an inconsistency between an Application Note and Guideline language, we will apply the Guideline and ignore the Note."); *United States v. Webster*, 615 F. App'x 362, 363 (6th Cir. 2015) ("[T]he text of a guideline

The Commission itself has indicated that the commentary offenses interpreted only the now defunct residual clause. In August 2015, the Commission said that because "the statutory language the Court found unconstitutionally vague" in *Johnson* is "identical" to the career offender guideline's residual clause, it proposed to "delete the residual clause" and to "move[] all enumerated offenses to the guideline," in order "to make the guideline consistent with Johnson." U.S. Sent'g Comm'n, *News Release: U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence* (Aug. 7, 2015), *available at* http://www.ussc.gov/news/press-releases-and-news-advisories/august-7-2015 (last visited May 18, 2016); *see also* Notice of Proposed Amendments to the Sentencing Guidelines and Commentary at 6, 8-9, *available at* http://www.ussc.gov/sites/default/files/pdf/amendment-process/federal-register-notices/20150811_FR_Proposed.pdf (last visited May 18, 2016). On January 21, 2016, the Commission adopted an amendment (effective Aug. 1, 2016, absent congressional disapproval) deleting the residual clause and moving the following offenses from the commentary to the text at §4B1.2(a)(2): murder, voluntary manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, and unlawful possession of a firearm described in 26 U.S.C. § 5845(a). The Commission's movement of these offenses from the commentary to the text reflects the fact that they no longer interpret or explain any text in the guideline now that the residual clause has been deleted.

---

trumps commentary about it."); *United States v. Stolba*, 357 F.3d 850, 853 (8th Cir. 2004) (rejecting adjustment supported by commentary that conflicted with the guideline because "the proper application of the commentary depends upon the limits – or breadth – of authority found in the guideline"); *United States v. Landa*, 642 F.3d 833, 836 (9th Cir. 2011) (when a "conflict exists between the text and the commentary," "the text of the guidelines governs"); *United States v. Fox*, 159 F.3d 637, at *2 (D.C. Cir. 1998) (declining to follow commentary that "substantially alters" the requirements of guideline's text).

Accordingly, attempted murder is not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a).  Attempted murder is not an offense enumerated in U.S.S.G. § 4B1.2(a)(2), and so does not interpret or explain that clause.  Attempted murder could qualify as a "crime of violence" only if it interprets or explains the residual clause or otherwise meets the requirements of the force clause.  Because the residual clause is void after *Johnson*, attempted murder cannot explain or interpret that clause.  Because the commentary is flatly inconsistent with the guideline "in that following [the commentary] will result in violating the dictates of [the guideline], the Sentencing Reform Act itself commands compliance with the guideline."  *Stinson*, 508 U.S. at 43.

### 3.  New York's attempted murder statute does not meet the requirements of the force clause.

Mr. Haneiph's attempted murder conviction was for attempted second-degree murder. New York's second-degree murder statute, as it existed in 1982 when Mr. Haneiph committed that offense, provided that: "A person is guilty of murder in the second degree when: 1. With intent to cause the death of another person, he causes the death of such person or of a third person."  N.Y. Penal Law § 125.25(1).  As discussed above, "[p]hysical force" means "violent" physical force, or force capable of causing physical pain or injury to another person.  *See Johnson v. United States*, 559 U.S. 133, 140 (2010).  It requires a "substantial degree of force" and must go beyond an unwanted touching.  *Id.*  As also discussed above, "a crime may result in death or serious injury without involving use of physical force."  *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2011).

New York courts have upheld numerous convictions of second-degree murder where no violent, physical force was used.  *See, e.g., People v. Castor*, 952 N.Y.S.2d 318, 321 (2012) (upholding second-degree murder conviction where defendant poisoned family members with a

combination of pharmaceutical drugs and alcohol or antifreeze); *People v. Dickerson*, 837 N.Y.S.2d 101, 102-03 (2007) (upholding second-degree murder conviction where child's death caused by starvation); *People v. Cahill*, 809 N.E.2d 561, 568 (2003) (upholding second-degree murder conviction where defendant poisoned victim by putting potassium cyanide in feeding tube at hospital); *People v. Fisch*, 573 N.Y.S.2d 762, 763 (1991) (upholding attempted second-degree murder conviction where defendant fed child lye).

Very recently, the Fourth Circuit has reiterated that violent physical force under *Johnson*, 559 U.S. 133, does not include minimal contact such as shoving or pushing, which the New York courts have found to be sufficient to be convicted of second-degree robbery. *See United States v. Gardner*, ___ F.3d ____, 2016 WL 2893881 (4th Cir. May 18, 2016) (analyzing North Carolina robbery statute that required proof that "the taking was by violence or by putting the person in fear").  In determining whether a state statute requires the requisite level of force, the Court must focus on "'the minimum conduct necessary for a violation' under state law." *Id.* at *6 (quoting *Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015)).  State court interpretation of the minimum culpable conduct required guides the force clause analysis in federal court. *Id.* at *6-*7.  As explained above, New York courts have routinely found that causing death without violent, physical force is sufficient for a conviction of second-degree murder in New York, which is legally insufficient for a finding in federal court that such a crime is a crime of violence under U.S.S.G. § 4B1.2.

Because the New York attempted second-degree murder statute that Mr. Haneiph was convicted under does not contain a necessary element to qualify as a crime of violence under U.S.S.G. § 4B1.2, this conviction cannot count as a predicate for career offender enhancement. 4B1.2.

II.   **MR. HANEIPH IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE (1) HIS CLAIM IS COGNIZABLE; (2) IT SATISFIES THE SUCCESSIVE PETITION REQUIREMENTS OF § 2255(H)(2); AND (3) HIS PETITION IS TIMELY.**

A.  **Mr. Haneiph's claim is cognizable under § 2255(a).**

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a).  Mr. Haneiph's 384-month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.  As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in U.S.S.G. § 4B1.2(a).  Thus, Mr. Haneiph's claim for relief is cognizable under the plain language of § 2255(a).

This is all that is required.  Because Mr. Haneiph's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply.  Only a non-jurisdictional, non-constitutional error of law must constitute "a fundamental defect which inherently results in a complete miscarriage of justice" in order to be cognizable.  *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Davis v. United States*, 417 U.S. 333, 343-344 (1974); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255

18

unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted).

A claim based on *Johnson*, in contrast, is constitutional and therefore cognizable in a Guidelines case. *See Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014) (although an erroneous determination of an advisory guideline range "generally [is] not cognizable on a § 2255 motion," relief "is available" for "an error of constitutional . . . magnitude"); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that "fundamental defect" standard does not apply to constitutional or jurisdictional error); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a claim that a defendant was misclassified as a career offender "is generally not cognizable" under circuit law applicable to errors of statutory interpretation, "*Johnson* involved a claim of constitutional error").

Because constitutional claims are always cognizable, and *Johnson*'s constitutional holding applies with equal force to the Guidelines' residual clause, Mr. Haneiph's *Johnson* claim is cognizable.

> **B. Mr. Haneiph's successive petition satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.**

Mr. Haneiph files this successive motion pursuant to 28 U.S.C. § 2255(h)(2) after receiving authorization from the Fourth Circuit. That section requires that, before this Court can consider a successive motion, the appropriate court of appeals must certify as provided in 28 U.S.C. § 2244(b)(3)(C) that a successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." Pursuant to § 2244(b)(3)(C), the Fourth Circuit authorized this motion

upon concluding that Mr. Haneiph had made a *prima facie* showing that he may be entitled to relief.   But Mr. Haneiph now demonstrates that beyond a *prima facie* showing, he, in fact, fully satisfies the requirements of § 2255(h)(2) for all the reasons listed below.

### 1. *Johnson* announced a previously unavailable new rule of constitutional law.

First, the Supreme Court's decision in *Johnson* announced a new rule.  As the Supreme Court explained in *Welch*, "[i]t is undisputed that *Johnson* announced a new rule."  *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016)  (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")); *see also Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson* announces a new rule: it explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it broke new ground by invalidating a provision of the ACCA."); *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015) (same).

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."  *Johnson*, 135 S. Ct. at 2563; *see also Watkins*, 810 F.3d at 380; *Price*, 795 F.3d at 732-33.  It declared that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a defendant's sentence.  *Johnson*, 135 S. Ct. at 2563; *see also Welch*, 136 S. Ct. at 1261-62 ("The *Johnson* Court held the residual clause unconstitutional under the void-for-vagueness doctrine, a doctrine that is mandated by the Due Process Clauses of the Fifth Amendment (with respect to the Federal Government) and the Fourteenth Amendment (with respect to the States).").

Finally, the rule in *Johnson* was not previously available to Mr. Haneiph.  In both *James*, 550 U.S. at 210 n.6, and *Sykes*, 131 S. Ct. at 2276-77, the Court rejected suggestions by the dissenting Justices that the residual clause was unconstitutionally vague.  Until *Johnson* was decided, any successive collateral attack on this basis was foreclosed.

### 2. *Johnson* has been made retroactive by the Supreme Court to cases on collateral review.

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).  The Supreme Court has made *Johnson* retroactive by holding in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* announced a "substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1268.  The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule," *id*. at 1265, which "depends [] on whether the new rule *itself* has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons the law punishes," *id*. at 1266 (emphasis added).

Applying this test, the Court explained that "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id*. at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court concluded:

> The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence.  *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause.  It follows that *Johnson* is a substantive decision.

*Id.* (internal citation omitted). "By the same logic, *Johnson* is not a procedural decision" because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act," but instead "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.*

Notably, the Court said nothing whatsoever to limit its holding or reasoning to ACCA cases. In fact, *Welch* made clear that the relevant "category" for retroactivity purposes is the "rule," not the kind of case in which it is invoked. The Court framed the question as whether the "new *rule* falls within one of the two *categories* that have retroactive effect under *Teague*," defined as "categories of *decisions*" that are "substantive *rules*" or "watershed *rules* of criminal procedure," *Welch*, 136 S. Ct. at 1264 (internal citations and quotation marks omitted) (emphases added). Accordingly, the substantive *rule* announced in *Johnson* is categorically retroactive to all cases in which it applies,[12] and, as demonstrated above, *Johnson* applies to the Guidelines. That *Johnson* applies retroactively to both ACCA and Guidelines cases alike on collateral review is further supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in five cases involving collateral attacks where the prisoner was sentenced under the Guidelines.[13]

---

[12] *See Davis v. United States*, 564 U.S. 229, 243 (2011) (observing that retroactivity is a "categorical matter"); *Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in . . . all federal habeas corpus proceedings."). In *Teague v. Lane*, 489 U.S. 288 (1989), the Court held that new rules must be applied retroactively to all "similarly situated" defendants. *Id.* at 316. Defendants are "similarly situated" when they are at the same stage of the proceedings and rely on the same new rule. *Id.* at 315.

[13] *See Jones v. United States*, 136 S. Ct. 333 (2015) (vacating *Jones v. United States*, 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of § 2255 motion)*); Denson v. United States*, 135 S. Ct. 2931 (2015) (vacating *Denson v. United States*, 569 F. App'x 710 (11th Cir. 2014)

Indeed, every court of appeals that has decided the issue has held that new rules that narrow the ACCA's definition of "violent felony" by interpreting its terms apply retroactively to Guidelines cases on collateral review. *See United States v. Doe*, 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008), applies retroactively in Guidelines cases, and noting that "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621, 625-26 (7th Cir. 2011) (holding that *Begay* and *Chambers v. United States*, 555 U.S. 122 (2009) are "substantive decisions that 'prohibit[] a certain category of punishment for a class of defendants because of their status or offenses,'" and thus apply retroactively in Guidelines cases); *Brown v. Caraway*, 719 F.3d 583, 594–95 (7th Cir. 2013) (same); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011) (holding that decision limiting the definition of burglary under the ACCA is substantive because "it altered the conduct that substantively qualifies as burglary," and thus applies retroactively in Guidelines cases); *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012) (taking it "as a given, that the Supreme Court's" decision narrowing the ACCA's force clause "is retroactively applicable" in Guidelines cases).[14]

The courts of appeals have followed the same approach regarding the rule announced in *Johnson*. The Seventh Circuit held in an ACCA case that by "prohibit[ing] 'a certain category of

_____

(same)); *Beckles v. United States*, 135 S. Ct. 2928 (2015) (vacating *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States*, 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States*, 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones*, No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of § 2255 motion)).

[14]  *Cf. United States v. McLamb*, 1996 WL 79438, at *3 n.4 (4th Cir. 1996) ("*Teague* does not bar the retroactive application on collateral review of a decision concerning the reach of a federal statute, or as here, a sentencing guideline."); *Oliver v. United States*, 90 F.3d 177, 179 & n.2 (6th Cir. 1996) (holding that decision requiring courts to calculate guideline range based on actual weight of harvested marijuana plants was "not barred by *Teague*" because it did not announce a "rule of criminal procedure").

punishment for a class of defendants because of their status,'" *Johnson* "announced a new substantive rule" that is "categorically retroactive," *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015), and has since authorized numerous second or successive § 2255 motions in Guidelines cases because "*Johnson* announced a new substantive rule of constitutional law" that is "categorically retroactive." *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015); *see also Best v. United States*, No. 15-2417, slip op. at 1–2 (7th Cir. Aug. 5, 2015); *Swanson v. United States*, No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United States*, No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States*, No. 15-3252, slip op. at 1 (7th Cir. Oct. 22, 2015). The Sixth Circuit also held in an ACCA case that *Johnson* announced a substantive rule that is "categorically retroactive" to cases on collateral review, *see In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015), and has since authorized second or successive § 2255 motions in Career Offender cases because *Johnson* announced "a new, retroactively applicable, rule of constitutional law." *In re Grant*, No. 15-5795, slip op. at 2 (6th Cir. March 7, 2016); *see also In re Swain*, No. 15-2040, slip op. at 3-4 (6th Cir. Feb. 22, 2016); *In re Homrich*, No. 15-1999, slip op. at 2-3 (6th Cir. March 28, 2016). And the Eleventh Circuit held in a Guidelines case that *Johnson* is substantive because "it narrowed the scope of section 924(e) by interpreting its terms" and "narrowed the class of people who are eligible for an increased sentence under the [ACCA]," *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) (internal citations and punctuation omitted), and noted that if petitioner were "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively," *id*. at 991. While the Eleventh Circuit believed that the Supreme Court had not "made" *Johnson* retroactive for purposes of a second or successive motion, *id.*at 989-90, the Supreme Court has now

overturned that part of the decision by explicitly holding in *Welch* that the rule announced in *Johnson* is retroactive on collateral review.

*Johnson* therefore has been made retroactive by the Supreme Court to cases on collateral review.

### C.  This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is also timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Haneiph filed his claim within a year of that date.  As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

### CONCLUSION

For the reasons set forth above, Mr. Haneiph respectfully asks this Court to vacate his sentence and schedule a new hearing so that he can be re-sentenced without application of the career offender provision.

Respectfully submitted,

**KURT SHAWN HANEIPH**

GEREMY KAMENS
Federal Public Defender

_____/s/_____
NICHOLAS J. XENAKIS,
Research and Writing Attorney
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0869 (phone)
(703) 600-0880 (fax)
Nick_Xenakis@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2016, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> AUSA William N. Hammerstrom, Jr.
> Office of the United States Attorney
> 2100 Jamieson Avenue
> Alexandria, Virginia   22314

Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the electronic filing.

> By:  _____/s/_____
> Nicholas J. Xenakis
> Counsel for the Defendant
> Office of the Federal Public Defender
> 1650 King Street, Suite 500
> Alexandria, VA 22314
> (703) 600-0869 (phone)
> (703) 600-0880 (fax)
> Nick_Xenakis@fd.org