IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:96-cr-227-CMH |
| v. ) | |
| ) | |
| KURT SHAWN HANEIPH, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
SUPPLEMENTAL MOTION TO REDUCE SENTENCE
PURSUANT TO § 404 OF THE FIRST STEP ACT OF 2018**

Defendant seeks to lower his sentence under § 404 of the First Step Act, which extends the Fair Sentencing Act of 2010 to defendants who were sentenced before August 3, 2010. As discussed below, in light of current Fourth Circuit precedent, defendant has a "covered offense" under § 404(a) of the First Step Act. But as also discussed below, proceedings under § 404 are limited ones, in keeping with the text of § 404 and 18 U.S.C. § 3582(c)(1)(B). "[U]nder the First Step Act, '[t]he district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act.'" *United States v. Brooks*, 2019 WL 6998902, *1 (4th Cir. Dec. 20 2019) (unpublished) (quoting *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)). Thus, for example, contrary to what defendant claims here, a defendant may not obtain relief for nonretroactive changes under the First Step Act, such as the changes under § 401 to sentence enhancements via 21 U.S.C. § 851 for prior felony drug offenses. As discussed more fully below, if this Court "place[s] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act," then

1

defendant still faces statutory maximum sentences of life imprisonment, and the guideline range provided under the career-offender provision that applies in his case remains unchanged. As a result, defendant would face exactly the same guideline range of 360 months to life, and this Court should not reduce defendant's sentence.

### I.     Background

From the fall of 1994 to January 1996, defendant Haneiph and three named co-defendants were part of a conspiracy to distribute and sell various quantities of cocaine base, commonly known as "crack." The crack was supplied by defendant and brought from New York to Virginia, where it was sold from hotel rooms and from a McLean, Virginia residence of a co-conspirator. In addition, defendant utilized various vehicles to supply crack to his customers. As many as 25 to 40 people would regularly arrive at the McLean, Virginia residence to purchase crack supplied by defendant. ¶¶ 9-13; 32.

During the course of the conspiracy, defendant also made direct sales of crack to an undercover agent (UC) of the Bureau of Alcohol, Tobacco, and Firearms on seven different occasions, in various amounts totaling approximately 101 grams. PSR ¶¶ 15-29. During one such transaction, defendant told the UC to let him know if the UC knew anyone who had guns for sale. He further stated that he wanted to buy any type of gun except shotguns and rifles and mentioned that he had purchased a .357 magnum pistol in New York. PSR ¶ 26.

The defendant and three others were indicted on June 4, 1996, in a seven-count indictment returned by a grand jury sitting in the Eastern District of Virginia, Alexandria Division. Defendant was charged with conspiracy to distribute 50 grams or more crack (Count One); distribution of 5 grams or more of crack (Counts Four and Five); distribution of crack (Count Six); and distribution of heroin (Count Seven). PSR ¶ 1.

On August 2, 1996, the government filed an Information, pursuant to 21 U.S.C. § 851, certifying a prior felony drug conviction, which had the effect of increasing the statutory penalty on the conspiracy count (Count One) from 10 years-to-life to 20 years-to-life and for the distribution counts (Counts Four and Five) from 5-to-40 years to 10 years-to-life.  PSR ¶¶ 2; 72

That same month, following a jury trial in this court (Hilton, J.), defendant was convicted of Counts One, Four and Five.  Counts Six and Seven were dismissed on motion of the government.  PSR ¶ 3.  For sentencing purposes, the probation officer found that the amount of crack distributed by defendant and those involved with him "exceeded 270 grams."  PSR ¶ 45.

The defendant did not object that the presentence report properly classified him as a career offender.  He had previously amassed the following convictions:

  a. attempted murder (1983);
  b. attempted criminal possession of a controlled substance (1989);
  c. attempted criminal possession of a weapon (1990); and
  d. possession with intent to distribute cocaine (1994).

PSR ¶¶ 50; 52; 53; 54.

On November 15, 1996, with a Criminal History Category VI and a guidelines range of 360 months-to-life, defendant was sentenced by the district court to a term of imprisonment of 360 months on Count One and 240 months, concurrent, on Counts Four and Five.

Defendant's sentence and conviction were affirmed on direct appeal.  *United States v. Haneiph*, 1997 WL 716420 (4th Cir. Nov. 18, 1997) (unpublished).  His current projected release date is October 20, 2024.

**II.     Analysis**

***1.     The Fourth Circuit's standard for a "covered offense" under § 404(a) turns on whether a defendant was convicted under a statutory subsection that was modified by the Fair Sentencing Act.***

In *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), the Fourth Circuit first considered a threshold matter about the application of 18 U.S.C. § 3582(c)(1)(B) to motions under § 404.  Agreeing with the United States' position, *Wirsing* held that § 3582(c)(1)(B) controls and that "in determining eligibility under § 3582(c)(1)(B) courts must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'"  *Wirsing*, 943 F.3d at 185.  *See also United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019).

The Fourth Circuit then turned in *Wirsing* to the statutory language in § 404(a) of the First Step Act.  Section 404(a) provides that "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.)."  Interpreting this language, *Wirsing* concluded that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act, *see* Fair Sentencing Act § 2(a), 124 Stat. at 2373—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act.  First Step Act § 404(b)."  *Wirsing*, 943 F.3d at 185.  *Wirsing* rejected the United States' position that the phrase "the statutory penalties for which" refers to "a violation of a Federal criminal statute," rather than "a Federal criminal statute."  Hence, *Wirsing* construed § 404(a)'s definition of a "covered offense" as reaching any inmate sentenced under § 841(b)(1)(A)(iii) or (B)(iii) for an offense committed before August 3, 2010.  *Id.* at 186.  The

4

Fifth Circuit has arrived at a similar reading of § 404(a)'s definition of a "covered offense." *United States v. Jackson*, __F.3d__, 2019 WL 6838017, *3 (5th Cir. Dec. 16, 2019).

Of course, the Fair Sentencing Act of 2010 did not wholly eliminate either all mandatory minimums or increased statutory maximums for crack cocaine offenses under § 841(b)(1)(A)(iii) or (B)(iii). Rather, the Fair Sentencing Act simply increased the quantities of crack needed to trigger those increased penalties from 5 and 50 grams to 28 and 280 grams. Yet if *Wirsing*'s reading of § 404(a) were the end of the matter in construing the Fair Sentencing Act's retroactivity under § 404 of the First Step Act, *Wirsing* would create unwarranted disparities in the Fair Sentencing Act's prospective and retroactive effect. The upshot would be that previously applicable statutory mandatory minimums in § 841(b)(1)(A)(iii) or (B)(iii) would discretionary for pre-August 3, 2010 crack offenders—regardless of the quantity of crack involved—but *only* for pre-August 3, 2010 crack offenders. Even a defendant who pleaded guilty and admitted that he conspired to distribute a kilogram of crack would be eligible for a discretionary reduction below 10 years if he committed the violation before August 3, 2010, but a defendant who made the exact same admissions in a case charged after August 3, 2010 would be subject to a 10-year mandatory minimum. The United States respectfully disagrees with an interpretation of § 404 that leads to such unwarranted disparities.

But even under the government's view, defendant has covered offenses. He was held responsible for 273.983 grams of crack, which falls below the new 280-gram threshold in the Fair Sentencing Act. Hence, the government does not dispute that defendant's conspiracy offense is a covered offense. But even once the conspiracy offense is deemed a covered offense, this Court must still consider the effect of § 404(b) and § 404(c).

### 2. *Wirsing* never definitively resolved the effect of § 404(b).

Notably, *Wirsing* did not consider the effect of § 404(b). Indeed, it was conceded in *Wirsing* that the defendant's statutory penalty range should be determined by 16 grams of crack that the defendant possessed with intent to distribute, the relevant unit of prosecution for that offense. *See Wirsing*, 943 F.3d at 181 (Wirsing's offense of conviction "would fall under § 841(b)(1)(C) rather than § 841(b)(1)(B)(iii), since the Fair Sentencing Act, § 841(b)(1)(B)(iii) only applies where a violation involves '28 grams or more' of cocaine base."). Compare *United States v. Rowe*, 919 F.3d 752, 759-70 (3d Cir. 2019) (citing *United States v. Elliott*, 849 F.2d 886, 889 (4th Cir. 1988)) (explaining how statutory penalty range is determined for drug distribution), with *United States v. Hickman*, 626 F.3d 756, 772 (4th Cir. 2010) (for drug conspiracies, the statutory penalty range is determined by amount of drugs "within the scope of [the] agreement").

But while *Wirsing* did not speak to how § 404(b) would apply when a defendant's offense involved more than 28 or 280 grams when that drug quantity would determine the statutory penalty range, *Wirsing* did acknowledge that some defendants sentenced before the Fair Sentencing Act was enacted "almost certainly" would not have received a different sentence given the drug quantities involved and cited as an example *United States v. Peters*, 843 F.3d 572 (4th Cir. 2016). As *Wirsing* put it, some defendants not covered by the Fair Sentencing Act "almost certainly would not have faced a different sentence if they had been charged, convicted, and sentenced after the Fair Sentencing Act. *E.g., Peters*, 843 F.3d at 577, 581 (affirming the district court's denial of the defendant's § 3582(c)(2) motion based on Amendment 782 because the amendment did not impact his Guidelines range, given the massive quantities of cocaine base involved)." *Wirsing*, 943 F.3d at 179.

Section 404(b) instructs that when a defendant moves for relief under § 404 and has a covered offense under § 404(a), the court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." If § 404(a)'s definition of a "covered offense" is read as reaching any inmate sentenced under § 841(b)(1)(A)(iii) or (B)(iii) for an offense committed before August 3, 2010, then that extremely expansive interpretation must be tempered by § 404(b). A court must evaluate what sentence would have been imposed "if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."

On the same day that the Fourth Circuit decided *Wirsing*, the Fourth Circuit observed that "there is little case law addressing" § 404(b) and (c), but did note the Fifth Circuit's ruling that, in keeping with § 3582(c)(1)(B), "a district court should 'plac[e] itself in the time frame of the original sentencing, altering the relevant legal landscape *only by the changes mandated by the 2010 Fair Sentencing Act.*'" *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019) (quoting *Hegwood*, 934 F.3d at 418). Likewise, courts have consistently held that sentence reductions under § 404 are limited proceedings and do not require a hearing. *See, e.g., United States v. Williams*, 943 F.3d 841 (8th Cir. 2019). To return to the language of § 3582(c)(1)(B), which *Wirsing* concluded controls, § 404(b) helps define "the extent" of the sentence modification that is "expressly permitted" in keeping with the strictures of § 3582(c)(1)(B).

Just as courts must read § 404 together with § 3582(c)(1)(B), courts must also read § 404(a) together with § 404(b). *Wirsing* and *Venable* show that, under § 3582(c)(1)(B), a district court should revisit a sentence only to "the extent" that is "expressly permitted" by

statute. Here, § 404(b) expressly permits only "a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

In keeping with these points, in *Brooks*, the Fourth Circuit recently concluded that a defendant who has a covered offense under § 404(a) cannot claim the benefit of a nonretroactive guideline amendment, specifically Amendment 742. As the Fourth Circuit explained, "[t]he district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act,' which do not include Amendment 742." *Brooks*, 2019 WL 6998902 at *1 (quoting *Hegwood*, 934 F.3d at 418).

Under this framework, defendant cannot receive the benefit of the changes in § 401 of the First Step Act governing which prior felony drug offenses trigger higher statutory penalties via 21 U.S.C. § 851. Every court of appeals to address the question has held that the changes in § 401 do not apply to a defendant who has already been sentenced. *See, e.g., Young v. United States*, 943 F.3d 460 (D.C. Cir. 2019); *United States v. Jackson*, 940 F.3d 347, 353-54 (7th Cir. 2019); *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019); *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019).

Because this Court must decide on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act, this Court may not apply the changes in § 401 of the First Step Act, which are not part of the 2010 Fair Sentencing Act and are not retroactive.

Defendant contends that applying the 2010 Fair Sentencing Act to his case should result in the statutory maximum for his offense falling from the penalty range prescribed by § 841(b)(1)(A) all the way to the penalty range for § 841(b)(1)(C). Even though the indictment

8

charged him with conspiring to distribute 50 grams or more of crack—an amount that by itself would satisfy the new 28-gram threshold in § 841(b)(1)(B)—this Court must treat his offense as involving solely a detectable amount of crack, not the 50 grams or more charged in the indictment or the 273.983 grams of crack that this Court determined were involved in the offense.

But in keeping with the reasoning of *Hegwood*, *Brooks*, and the language of § 3582(c)(1)(B), there is no express authorization in § 404 for a defendant to litigate Fifth and Sixth Amendment claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013). Section 404 never expressly refers to the indictment, and courts "resist reading words or elements into a statute that do not appear on its face." *Dean v. United States*, 556 U.S. 568, 572 (2009) (internal quotation marks omitted). *Wirsing* did not reject these points, made its reading of § 404(a) turn on whether there was a modification to a statutory subsection, and never addressed § 404(b)'s effect in a case like this.

Courts should presume that Congress legislates in keeping with the backdrop of Supreme Court cases. *See, e.g., United States v. Wells*, 519 U.S. 482, 495 (1997) ("[W]e presume that Congress expects its statutes to be read in conformity with this Court's precedents."). Here, the Supreme Court has held that district courts may, consistent with the Sixth Amendment, rely on judge-found facts in considering whether to grant retroactive sentence reductions. *Dillon v. United States*, 560 U.S. 817, 828-29 (2010). Although *Dillon* addressed a sentence reduction under § 3582(c)(2), and § 3582(c)(2) is not at issue here, as *Wirsing* holds, 943 F.3d at 183-84, the *constitutional* ruling in *Dillon* was not limited retroactive guideline amendments, but rather turned on the fact that the retroactive provisions at issue could only lower an already-imposed sentence. *See Dillon*, 560 U.S. at 828 ("Taking the original sentence as given, any facts found by

a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that range."). *Cf. United States v. Dyess*, 730 F.3d 354, 364 (4th Cir. 2013) (analyzing claim of ineffective assistance of counsel for *Apprendi* claim and noting that "if Dyess had raised this objection, the Government could have simply issued a superseding indictment with drug weights or proceeded under a criminal information").

In short, this Court should conclude in applying § 404(b) that the § 851 enhancement still applies and that defendant's conspiracy offense still involves at least 28 grams or more of crack cocaine, triggering the statutory penalty provisions in § 841(b)(1)(B). When this Court "plac[es] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act,'" *Brooks*, 2019 WL 6998902 at *1 (quoting *Hegwood*, 934 F.3d at 418), defendant's statutory penalty range for the conspiracy offense is ten years to life under § 841(b)(1)(B). Because the statutory maximum for the conspiracy offense remains life, defendant's career-offender offense level also does not change. And defendant neither asserts (nor could assert in light of *Hegwood* and *Brooks*) that the career-offender guideline is inapplicable in his case. The upshot is that the statutory maximum for the conspiracy offense does not change; defendant's guideline range does not change; and defendant's sentence would not have been any different if the 2010 Fair Sentencing Act had applied at his original sentencing. Defendant's resulting sentence at the bottom of the career-offender guideline also would not have change.

### 3. *This Court should in its discretion deny a sentence reduction.*

Relief is also not warranted here because of defendant's prior criminal record and his conduct while in prison. Defendant argues that he is deserving of a reduced sentence based upon

his efforts at self-rehabilitation in prison. Def's. Supp. Motion at p. 17. While defendant's successful completion of numerous prison programs to prepare himself for employment upon his release from prison is laudable, his prison record reflects that he has been anything but a model prisoner. This is not surprising, given that his lengthy sentence was based, in part, on several, serious criminal convictions that propelled him into career offender status.

Attached to his supplemental motion is a listing of numerous disciplinary incidents compiled by defendant since his incarceration on the instant offenses commenced. From March 1997 to January 2016, defendant was cited for over 20 disciplinary infractions, including the more serious offenses of possessing a dangerous weapon (January 2016 and August 2015), and assault (May 2002). Def's Exh. 2 (3).

There are many defendants sentenced to lengthy periods of incarceration who choose to follow exemplary paths in federal prison, whether it be to atone for wrongdoing or to better themselves. Defendant Haneiph has not shown himself to be one such person. Given his prison record, his criminal history and status as a career offender, as well as his prolific drug trafficking in supplying numerous people with crack cocaine, he is not deserving of any additional reduction in his sentence.

Wherefore, the defendant's motion should be denied.

                                        Respectfully submitted,

                                        G. Zachary Terwilliger
                                        United States Attorney

By:             /s/             
            W. Neil Hammerstrom, Jr.
            Assistant United States Attorney
            United States Attorney's Office
            Justin W. Williams U.S. Attorney's Bldg.
            2100 Jamieson Avenue
            Alexandria, VA 22314
            Tel: (703) 299-3700
            Fax: (703) 299-3982
            Email: neil.hammerstrom@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification to all counsel of record.

/s/
W. Neil Hammerstrom, Jr.
Assistant United States Attorney