**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 1:96-cr-227-1 |
| | ) | The Hon. Claude M. Hilton |
| KURT SHAWN HANEIPH, | ) | |
| *Defendant*. | ) | Eligible for Immediate Release |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO § 404 OF THE FIRST STEP ACT OF 2018

The text of § 404 of the First Step Act, and the rulings of the vast majority of courts that have construed that statutory language, make clear that Mr. Haneiph meets the three eligibility requirements of the provision: (1) he was convicted of a covered offense committed before August 3, 2010; (2) he was sentenced under the penalties for that offense in effect before August 3, 2010; and (3) he has not previously filed a motion pursuant to § 404 that was denied on its merits after a complete review. Mr. Haneiph is eligible for relief pursuant to the First Step Act, and the Court should impose a reduced term of imprisonment of 262 months on Count 1, to run concurrently with the 240-month terms previously imposed on Counts 4 and 5. The Court should also reduce the terms of supervised release on all three counts to six years.

The government, however, opposes any relief for Mr. Haneiph. The government acknowledges, as it must after the Fourth Circuit's decision in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), that Mr. Haneiph is eligible for a sentence reduction under § 404 of the First Step Act. The government contends, however, that the Court should not exercise its discretion to grant a reduction because, after implementing only the changes required by the Fair Sentencing Act of 2010, both Mr. Haneiph's statutory exposure and his guideline range remain the same. *See*

*generally* United States' Response in Opposition to Defendant's Supplemental Motion to Reduce Sentence Pursuant to § 404 of the First Step Act of 2018, ECF Doc. 175 (filed Jan. 3, 2020) (hereinafter Gov't Resp.).  The government is wrong in several respects.

> **A.    The Court Must Correctly Apply the Constitution in Determining the Determining Whether, and to What Extent, to Impose a Reduced Sentence on Mr. Haneiph.**

At the time of the original prosecution in this case, the Constitution prohibited the use of judge-found facts determined at sentencing based on a preponderance of the evidence in determining statutory maximums and minimums.  Only the elements of the charged offense as found beyond a reasonable doubt by a jury, or admitted by a defendant in a Rule 11 plea hearing, define the statutory minimum and maximum penalties applicable to the defendant.  *See Apprendi v. New Jersey*, 540 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013).

To be sure, the Supreme Court decisions that stand for these principles post-dated Mr. Haneiph's convictions in this case.  But those decisions merely explained what the Constitution has always required, even when Mr. Haneiph was prosecuted.  *Danforth v. Minnesota*, 552 U.S. 264, 271 (2008).  And Congress is presumed to legislate with such decisions in mind, as the government concedes.  Gov't Resp. 9.  As such, the Court is bound by those decisions in determining Mr. Haneiph's revised statutory sentencing range.

The government, however, disputes that Mr. Haneiph's statutory sentencing range after application of the Fair Sentencing Act to his case is no more than 30 years in light of *Apprendi* and its progreny.  It argues that because § 404(b) of the First Step Act states that the Court may "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed," the only change in the law that the Court is permitted to consider is the change made directly by the Fair Sentencing Act to a defendant's statutory

sentencing range. Gov't Resp. 7-8. As part of this argument, the government contends that § 404(b) of the First Step Act does not expressly allow a defendant "to litigate Fifth and Sixth Amendment claims under *Apprendi v. New Jersey* and *Alleyne v. United States*." Gov't Resp. 9 (internal citations omitted). In the government's view, then, Mr. Haneiph's statutory range does not change because (a) his "conspiracy offense still involves at least 28 grams or more of crack cocaine, triggering the statutory penalty provisions in § 841(b)(1)(B)," and (b) when enhanced by his prior drug trafficking conviction, the range increases to ten years to life imprisonment, the same range as before the Fair Sentencing Act; further, because the statutory maximum remains at life imprisonment, Mr. Haneiph's career offender guideline range does not change. Gov't Br. 10. This view is incorrect for at least three reasons.

First, the practice of using facts that were neither found by a jury nor admitted by the defendant in pleading guilty to determine statutory ranges was always unconstitutional, even before *Apprendi* and *Alleyne*. It did not just become unconstitutional when those cases were decided. As the Supreme Court has explained:

> "Retroactivity" suggests that when we declare that a new constitutional rule of criminal procedure is "nonretroactive," we are implying that the right at issue was not in existence prior to the date the "new rule" was announced. But this is incorrect. As we have already explained, the source of a "new rule" is the Constitution itself, not any judicial power to create new rules of law. Accordingly, the underlying right necessarily pre-exists our articulation of the new rule. What we are actually determining when we assess the "retroactivity" of a new rule is not the temporal scope of a newly announced right, but whether a violation of the right that occurred prior to the announcement of the new rule will entitle a criminal defendant to the relief sought.

*Danforth v. Minnesota*, 552 U.S. 264, 271 (2008).

Second, Mr. Haneiph does not "seek to litigate Fifth and Sixth Amendment claims" in this proceeding. That is, he does not ask the district court to apply *Apprendi* and *Alleyne* on collateral

3

review. Instead, he seeks relief pursuant to § 404 of the First Step Act, a new statutory remedy that Congress expressly made retroactive. *See* First Step Act § 404(b) (court may impose a reduced sentence "as if" the Fair Sentencing Act "were in effect at the time the covered offense was committed"). Given that § 404(b) authorizes courts to "impose" – in the present tense – a reduced sentence, any sentence imposed pursuant to § 404 must comport with *Apprendi* and *Alleyne*. *Cf. Rust v. Sullivan*, 500 U.S. 173, 191 (1991) (Congress is presumed to "legislate[] in the light of constitutional limitations.").

Put another way, there is no dispute that "*Alleyne* and *Apprendi* have not been extended retroactively on collateral review. But that is different than saying they have no significance in making the 'as if' sentencing decision called for under the First Step Act." *United States v. Boulding*, 379 F. Supp. 3d 646, 656 (W.D. Mich. 2019); *accord United States v. Smith*, 379 F. Supp. 3d 543, 546 (W.D. Va. May 13, 2019) ("although *Apprendi* and *Alleyne* are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act"). Accordingly, in this case, because Mr. Haneiph's jury did not make any findings to the quantity of crack cocaine, the applicable statutory range is the one in § 841(b)(1)(C): 20 years to start, increased to 30 years because the government used Mr. Haneiph's prior drug conviction to enhance the maximum penalty.

Third, the government relies on the Fourth Circuit's statements in two recent First Step Act decisions that "a district court should place itself in the time frame of the original sentencing, altering the relevant legal landscape *only by the changes mandated by the 2010 Fair Sentencing Act*," in which the Fourth Circuit quoted a Fifth Circuit decision. Gov't Resp. 1, 7 (quoting *United States v. Brooks*, 2019 WL 6998902, at *1 (4th Cir. Dec. 20, 2019), and *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019), both in turn quoting *United States v. Hegwood*, 934 F.3d

4

414, 418 (5th Cir. 2019)). The government reads too much into those statements. If taken to the extreme, the statements would require, in a case in which the defendant was sentenced when the Sentencing Guidelines were still mandatory, that the district court continue to apply the Sentencing Guidelines in a mandatory fashion. But after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), that would be unconstitutional.

The better reading of the appellate courts' statements is that § 404(b) simply sets the outer boundaries of a court's discretion, such that the court cannot impose a sentence below the mandatory minimum. As explained below in Part B, § 404 only addresses the applicable statutory penalty provisions, and it says nothing about any further limitations beyond a court's determination of the reduced penalties. Therefore, in cases involving a defendant sentenced when the Sentencing Guidelines were still mandatory (such as Mr. Haneiph's), a court must treat the guideline range as advisory, and is free to vary in accordance with *Booker* and in light of the court's analysis of the 3553(a) sentencing factors.[1] Accordingly, a court may consider a defendant's argument for a variance on the ground that, for example, a career offender guideline range based on a lower statutory maximum because a prior controlled substance conviction used in the original prosecution no longer qualifies the defendant for the enhanced statutory penalty. *See infra* Part C.

One final point. Another judge in the Alexandria division has recently agreed with the defense position and expressly rejected the government's position in a case like Mr. Haneiph's, in

---

[1] To be clear, we do not argue that a court is free to completely recalculate a defendant's sentencing range under the current version of the Sentencing Guidelines Manual. But, when the application of the reduced penalty provisions of the Fair Sentencing Act impacts the calculation of a range, such as in the career offender guideline, U.S.S.G. § 4B1.1, the court must recalculate the range. Further, the court should adjust the guideline calculations to account for the application of any relevant guideline provision(s) that the Sentencing Commission has made retroactively applicable, whether as the result of the Fair Sentencing Act or for other reasons, in U.S.S.G. § 1B1.10.

which the defendant was charged with drug trafficking offenses involving 50 or more grams of cocaine based, went to trial, and was convicted without any jury findings on the amount of cocaine base involved in the offenses. *United States v. Paul*, E.D. Va. No. 1:98-cr-192-4-LMB, ECF Doc. 324, at 7-9, 2019 WL 6792752, at *4-5 (E.D. Va. Dec. 12, 2019). The court concluded that "based on the Court's instruction to the jury that there was no need to find more than a 'measurable amount' of the drug charged in the indictment, [] Paul would have faced a statutory sentencing range of zero to twenty years' imprisonment." ECF Doc. 324, at 9, 2019 WL 6792752, at *5.

So too here. Like the *Paul* jury, Mr. Haneiph's jury was instructed that the government need only "prove beyond a reasonable doubt … that a measurable amount of the controlled substances were, in fact, knowingly and distributed by the defendant." Def't Supp. Mot. Exh. 1, ECF Doc. 173-1, at 27; *see id.* at 28 (verdict form). Accordingly, this Court should follow the *Paul* court and determine that § 841(b)(1)(C), not § 841(b)(1)(B), provides the sentencing penalties applicable to Mr. Haneiph after application of § 2 of the Fair Sentencing Act of 2010. Under § 841(b)(1)(C), the basic penalty would be zero to 20 years of imprisonment, but because of the § 851 notice filed by the government just before trial in Mr. Haneiph's case, the statutory maximum increases to 30 years.

### B. Section 404 Gives the Court Broad Discretion to Impose a Reduced Sentence on Mr. Haneiph.

The government's suggestion that the Court is limited in exercising its discretion to impose a reduced sentence under § 404 is ill-taken for additional reasons. First, the text of §§ 404(b) and (c) do not support such a limitation. The only express limitations are contained in subsection (c): the Court is prohibited from reducing a defendant's sentence (1) "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act," or (2) "if a previous motion made under this section to reduce the

sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act § 404(c). The only additional limit on the Court's discretion is that created by application of sections 2 and 3 of the Fair Sentencing Act to a defendant's case – that is, the newly applicable statutory maximums and minimums.

Other than these limitations, § 404(b) authorizes a court to "impose a reduced sentence," which means that it empowers the court to resentence a defendant to a lower sentence. The government, though, attempts to impose limits on that power through reference to 18 U.S.C. § 3582(c)(1)(B). Gov't Resp. 7, 9.

Section 3582(c)(1)(B) is simply a catchall provision for any future statute allowing retroactive relief from an imposed term of imprisonment, and does not otherwise impose limits on a court's exercise of discretion. *See e.g.*, *United States v. Rose*, 379 F. Supp. 3d 223, 232 (S.D.N.Y. 2019) (§ 3582(c)(1)(B) "merely redirects courts" to that statute "without providing any substantive standard of its own," and thus "does [not] delineate the scope of what the district court should consider" in deciding a motion "under" § 404); *see also United States v. Dodd*, 372 F. Supp. 3d 795, 797 n.2 (S.D. Iowa 2019) ("As Section 404 of the First Step Act authorizes a reduction in sentence by its own terms, it would be effective even absent the existence of 18 U.S.C. § 3582(c)(1)(B) as complementary authority.").

Thus, as the Fourth Circuit recognized in *Wirsing*, the statutory limitations contained in § 3582(c)(2) (including those contained in U.S.S.G. § 1B1.10), governing the extent of reductions based on retroactive guideline amendments, do not apply to motions brought pursuant to § 3582(c)(1)(B). 943 F.3d at 185 (stating that "there is no reason to suppose that motions brought pursuant to § 3582(c)(1)(B) are subject to the restrictions particular to § 3582(c)(2), which are grounded in the text of the latter statute"). "Rather, in determining eligibility under

7

§ 3582(c)(1)(B), courts must look to the applicable statute to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *Id.*

Here, as just explained, "the applicable statute" in this case, § 404 of the First Step Act, gives courts the power to resentence defendants who have not yet been sentenced pursuant to the reduced penalties enacted by the Fair Sentencing Act, subject to constitutional requirements and the express limitations contained in the statute. Like § 3582(c)(1)(B), because § 404 "contains no similar language" to that contained in 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, the "same logic" limiting the scope of such relief "thus does not apply" to First Step Act motions. *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019).

### C. In Determining Whether to Reduce Mr. Haneiph's Sentence, and by How Much, the Court Is Free to Consider That Under Current Law, Mr. Haneiph Would No Longer Be Subject to an Enhanced Statutory Penalty and, Therefore, His Career Offender Guideline Range Would Be Significantly Lower.

Turning to the prior conviction used to enhance Mr. Haneiph's statutory range, the government asserts that the Court cannot consider that it would not qualify as a "serious drug felony" after the First Step Act because the Court cannot apply § 401 of the Act retroactively. Gov't Resp. 8. The government misapprehends Mr. Haneiph's argument about the treatment of that prior conviction.

To be clear, we are not requesting formal retroactive application of FSA § 401. Rather, we acknowledge that the applicable statutory maximum is the one reflecting the prior conviction. Def't Supp. Mot. 11-12, 13. Given the lack of any jury finding as to drug weight, that statutory maximum is 30 years, as set forth in § 841(b)(1)(C). *See United States v. Paul*, E.D. Va. No. 1:98-cr-192-4-LMB, ECF Doc. 324, at 7-9, 2019 WL 6792752, at *4-5 (E.D. Va. Dec. 12, 2019).

What we do contend, however, is that, even altering only the applicable statutory penalty range "as if section 2 of the Fair Sentencing Act were in effect at the time the covered offense was committed," Mr. Haneiph's career offender range should be determined based on the 30-year, not the life, statutory maximum. Def't Supp. Mot. 16 ("First, given the lack of any jury finding as to drug quantity, Mr. Haneiph would be subject to the penalties in § 841(b)(1)(C), for offenses involving less than 28 grams of cocaine base. In light of his prior conviction for a felony drug offense, the statutory maximum would be 30 years, and the career offender guideline range based on that statutory maximum (offense level 34) would be 262 to 327 months"). Notably, that guideline range is the same range that would have applied when the Court sentenced Mr. Haneiph in 1996, given the lack of jury findings on drug quantity. We then asked the Court to take into account the fact that if he were sentenced "as if" the Fair Sentencing Act of 2010 and other current law applied, his prior drug conviction would no longer qualify him for the 30-year penalty, and his career offender range would thus be even lower, 210 to 262 months, and requested that the Court impose a reduced sentence of 262 months, the point of overlap in the ranges. Def't Supp. Mot. 16 ("Second, the Court *should consider* that the prior conviction used to increase the statutory penalties would not qualify as a 'serious drug felony' today, and thus, the career offender range would be even lower." (emphasis added)). This is no different from a defendant asking a court at an original sentencing to consider what a Guidelines sentencing range would be if a beneficial amendment to the Guidelines had been promulgated by the Sentencing Commission but had not yet formally gone into effect.

Further, this is the same argument that was presented to the Court in the Darrick Ferguson case, in which the Court recently reduced Mr. Ferguson's sentence from 360 months to 210 months, the bottom of the career offender range based on the unenhanced penalty range set out in

9

§ 841(b)(1)(C).  *Compare* Def't Supp. Mot. 15-17 *with United States v. Darrick Ferguson*, E.D. Va. No. 1:03-cr-310, ECF Doc. 120, at 12-14 (defendant's supplemental motion); *id.* ECF. 123, 124 (order and memorandum opinion granting reduction, filed Jan. 13, 2020).  Just as it reduced Mr. Ferguson's sentence, the Court should similarly reduce Mr. Haneiph's sentence.

### D. The Court Should Exercise Its Discretion to Reduce Mr. Haneiph's Sentence to 262 Months.

Only at the tail end of its opposition does the government briefly argue that the Court should not exercise its discretion to reduce Mr. Haneiph's sentence.  Gov't Resp. 10-11.  The government focuses on Mr. Haneiph's disciplinary record while in prison, and in particular, observes that he was cited for assault and twice possessed a dangerous weapon.  Gov't Resp. 11. But as the government tacitly acknowledges, the assault occurred in 2002, now nearly 20 years ago.  And the government does not dispute that Mr. Haneiph's weapon possession violations occurred while he was housed at U.S.P. Big Sandy, an especially violent facility.  *See* Def't Supp. Mot. 18 n.7.  Nor does the government challenge that many of the citations were for minor violations, or that Mr. Haneiph's disciplinary record in the past ten years is far smaller than in the first 13 years.  Def't Supp. Mot. 17-18.

In sum, as argued above and in his motion and counseled supplemental motion, Mr. Haneiph is both eligible for, and deserving of, a reduction in his sentence.  Further, a reduction in his sentence is consistent with the intention of Congress to remedy the disproportionate impact of the mandatory minimum sentences applied to crack cocaine offenses before 2010.  Accordingly, we request that the Court exercise its discretion to reduce Mr. Haneiph's sentence on Count 1 to 262 months, and the terms of supervised release on all three counts of conviction to six years. Additionally, if the Court is considering either only partially granting, or denying, a sentence

reduction, we renew our request that the Court conduct a hearing, and that Mr. Haneiph be present at that hearing.[2]

---

[2] To be sure, just as with § 2255 proceedings (as to which courts have "'broad and flexible power' … to determine the nature and scope of the remedial proceedings in the first instance[,]" *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997)), the Court is not *required* to conduct a resentencing hearing by virtue of the text of the statute. In *United States v. Williams*, 943 F.3d 841 (8th Cir. 2019) (cited by the government, *see* Gov't Resp. 7), for example, the district court "without a hearing, denied the motion." *Id.* at 843. But *Williams* does not mean that courts need not hold a hearing if it decides to "resentence" the defendant. Further, the exception in Rule 43(g)(4) that excuses a defendant's presence when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)" does not apply to statutes described by 18 U.S.C. § 3582(c)(1)(B). *See, e.g.*, *United States v. Brown*, 879 F.3d 1231, 1237-41 (11th Cir. 2018) (§ 2255); *United States v. Arrous*, 320 F.3d 355, 357-60 (2d Cir. 2003) (direct appeal); *United States v. Faulks*, 201 F.3d 208, 210-12 (3d Cir. 2000) (same); *United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991) (same). It applies only to proceedings that are authorized by § 3582(c) itself; namely, a reduction pursuant to § 3582(c)(1)(A) "as a result of a motion by the Bureau of Prisons to reduce a sentence based on 'extraordinary and compelling reasons,'" and to "resentencing hearings conducted under" § 3582(c)(2) "as a result of retroactive changes to the Sentencing Guidelines by the United States Sentencing Commission." Fed. R. Crim. P. 43, Advisory Committee Note (1998). Moreover, even if Mr. Haneiph's presence were not required, "[i]t remains open to district courts to permit a defendant to appear even when Rule 43 does not require his presence." *United States v. Gonzales-Flores*, 701 F.3d 112, 119 (4th Cir. 2012).

Respectfully submitted,

Kurt Shawn Haneiph

By Counsel
Geremy C. Kamens
Federal Public Defender

_____/s/_____
Frances H. Pratt, Va. Bar No. 79714
Assistant Federal Public Defender
Geremy C. Kamens, Va. Bar No. 41596
Federal Public Defender
Counsel for the Defendant
Office of the Federal Public Defender
 for the Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA 22314
Telephone: 703-600-0800
Facsimile: 703-600-0880
Fran_Pratt@fd.org
Geremy_Kamens@fd.org

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the U.S. Attorney's Office for the Eastern District of Virginia.

A courtesy copy of the foregoing pleading will be delivered to Chambers within one business day of the filing.

                                                  /s/
                                       Frances H. Pratt, Va. Bar No. 79714
                                       Assistant Federal Public Defender
                                       Geremy C. Kamens, Va. Bar No. 41596
                                       Federal Public Defender
                                       Counsel for the Defendant
                                       Office of the Federal Public Defender
                                         for the Eastern District of Virginia
                                       1650 King Street, Suite 500
                                       Alexandria, VA 22314
                                       Telephone: 703-600-0800
                                       Facsimile: 703-600-0880
                                       Fran_Pratt@fd.org
                                       Geremy_Kamens@fd.org